■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VALENTE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered October 16, 1973, convicting him of attempted burglary in the third degree, on his plea of guilty, and imposing sentence. The appeal brings up for review a determination of the same court, made October 1, 1973, after a hearing, which denied defendant's motion to suppress identification testimony. Judgment affirmed. No opinion. Latham, Acting P. J., Christ and Brennan, JJ., concur; Margett, J., dissents

and votes to grant the motion to suppress evidence, reverse the judgment, and vacate the plea, with the following memorandum, in which Munder, J., concurs: This appeal from the judgment of conviction permits us to review the denial of defendant's pretrial motion to suppress identification testimony (CPL 710.70, subd 2). I would grant the motion, reverse the judgment, vacate the plea and return defendant to his preguilty-plea status. At the pretrial hearing, the only witnesses were Patrolman Wagner and Mr. Curry, the burglary victim. Wagner claimed that Curry had identified defendant at a showup at which defendant was speaking with two plainclothesmen, but Curry testified that defendant was being questioned by two uniformed officers. Wagner, in an effort to cure the problems raised by the showup, testified that Curry had spontaneously identified defendant just prior to the showup. Curry, however, denied that he saw defendant at the police station prior to the showup. No excuse was offered for not holding a lineup. Under these circumstances, the motion to suppress should have been granted. As stated by the Supreme Court in *Neil v Biggers* (409 US 188, 198): "Suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous." There was no reason to subject defendant to the threat of having the unnecessary and harmful showup identification introduced at the trial. Curry, however, had an independent basis for identifying defendant based upon a previous observation, and so the judgment should be vacated and defendant returned to his preguilty-plea status so that he may now decide whether to go to trial or re-enter his plea of guilty.